IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES OLIVER, <br> #02376842, <br><br> Plaintiff, <br><br> v. <br><br> KRYSTLE CHAVEZ *et al.*, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> No. 3:24-cv-00209-K (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Oliver filed this *pro se* civil action which the Court construes as asserting claims under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*, but withheld process pending judicial screening. Now, for the following reasons, the District Judge should DISMISS Plaintiff's complaint.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)*, and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

Here, Plaintiff claims that, on October 16, 2019, several officers at the Dallas County Jail attacked him and that Defendant Krystle Chavez provided false statements about the incident. Compl. at 3–4 (ECF No. 1). But these claims are barred by the statute of limitations and thus Plaintiff's complaint fails to state a claim on which relief may be granted. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 368 (5th Cir. 2003) (affirming the judgment of the district court dismissing the plaintiffs' action for failure to state a claim because plaintiffs' claim was barred by the applicable statute of limitations).

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, Plaintiff alleges that he was attacked on October 16, 2019. But he did not file his complaint until January 25, 2024—more than four years later.

2

Accordingly, Plaintiff's claims are barred by the statute of limitations and his complaint fails to state a claim on which relief may be granted. *Jones*, 339 F.3d at 368.

The District Judge should DISMISS Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

July 10, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.